# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| GREG STEVENS | CIVIL ACTION NO. 19-0823 |
| --- | --- |
| | SECTION P |
| VS. | |
| | JUDGE TERRY A. DOUGHTY |
| JOSH DUNN, ET AL. | MAG. JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

Plaintiff Greg Stevens, a prisoner at Franklin Parish Detention Center proceeding pro se and in forma pauperis, filed the instant proceeding on May 14, 2019, under 42 U.S.C. § 1983. He names Josh Dunn and Aaron Touchet as defendants.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

### Background

Plaintiff alleges that "a bill of information was filed on July 20, 2017, before [he] was arrested on February 28, 2018." [doc. # 10, p. 2]. He claims: "[T]his is a procedural violation." *Id.*[2]

Plaintiff alleges that he was arrested under an arrest warrant, and he claims that Officer Josh Dunn violated LA. CODE CRIM. PROC. art 217 when Dunn did not let him view the warrant. [doc. #s 1, p. 3; 10, p. 1]. Plaintiff did not see the warrant until January 2019, when his counsel showed it to him. [doc. # 1, p. 3].

Officer Dunn transported Plaintiff to the Franklin Parish Jail. [doc. # 10, p. 1]. Plaintiff

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

[2] "Formal charges [were] filed on June 1, 2017 . . . ." *Id.* at 3.

claims that, at the jail, Officer Dunn violated LA. CODE CRIM. PROC. art 228 when he "failed to submit a booking information summary at the time of booking or a written statement or form explaining why a complete booking information summary was not presented." [doc. # 1, p. 3]. Dunn "also failed to enter [Plaintiff's] information into the entry book kept for that purpose . . . ." *Id.* Plaintiff claims that Dunn's inaction amounted to "due process, procedural due process, [and] procedural law violations . . . ." [doc. # 10, p. 1].

Officer Aaron Touchet "accept[ed] custody of [Plaintiff] from Officer Josh Dunn." *Id.* Plaintiff claims that Officer Touchet violated LA. CODE CRIM. PROC. art 229 when he "did not immediately inform [Plaintiff] of [his] right to request a preliminary examination." *Id.* Plaintiff alleges, "The preliminary examination was denied on April 25, 2018, with no reason given." *Id.* at 2.

Plaintiff claims that the officers deprived him of liberty and caused him to suffer humiliation, embarrassment, emotional distress, and emotional suffering. *Id.* Plaintiff seeks $1,500,000.00, and he asks the Court to dismiss his charges with prejudice. *Id.*

**Law and Analysis**

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[3] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his

---

[3] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

Likewise, a complaint fails to state a claim on which relief can be granted if it appears

that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Habeas Corpus Relief**

Plaintiff asks the Court to dismiss his charges with prejudice. Although Plaintiff filed this action under 42 U.S.C. § 1983, his request is an implicit challenge to the very fact and

4

duration of his physical imprisonment.[4] Plaintiff should pursue his request for immediate release from custody through a petition for writ of habeas corpus under 28 U.S.C. § 2241. See *Preiser v. Rodriguez*, 411 U.S. 475, 93 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (construing a request for release from pending state criminal proceedings as a habeas petition under Section 2241). Accordingly, the Court should deny Plaintiff's request.

The undersigned cautions that Plaintiff must first exhaust his available state court remedies before seeking habeas relief in this Court. See *id.* (observing that if "habeas corpus is the exclusive federal remedy . . . a plaintiff cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate.").[5] Plaintiff is further cautioned that the Court may abstain, under *Younger v. Harris*, 401 U.S. 37 (1971), if Plaintiff asks the Court to interfere with his ongoing criminal

---

[4] See, e.g., *Sellers v. Plattsmier*, 637 F. App'x 111, 112 (5th Cir. 2015) (reasoning that the plaintiff's request to dismiss a bill of information was an implicit request for release); *Florence v. Garcia*, 713 F. App'x 306, 307 (5th Cir. 2018) ("Florence's requests for dismissal of the charges and for immediate release sound in habeas . . . ."); *Durall v. Lafayette Police Dep't*, 2011 WL 6181387, at *1 (W.D. La. Nov. 16, 2011), report and recommendation adopted, 2011 WL 6205542 (W.D. La. Dec. 13, 2011) ("Since dismissal of the charges would result in an immediate or at least speedier release from custody, plaintiff must seek such relief by way of a petition for writ of habeas corpus . . . .").

[5] See also *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) ("Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.").

prosecution.[6] See *Gibson v. Orleans Par. Sheriff*, 2014 WL 1066987, at *1 (5th Cir. Mar. 20, 2014) (affirming abstention under *Younger v. Harris*, where a petitioner sought habeas corpus relief under 28 U.S.C. § 2241).

**3. Limitation on Recovery Under 42 U.S.C. § 1997e(e)**

Plaintiff seeks compensatory relief for his deprivation of liberty, humiliation, embarrassment, emotional distress, and emotional suffering. Plaintiff may not, however, recover compensatory damages for these alleged mental and emotional injuries.

Under 42 U.S.C. § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." "[I]t is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005).

Here, Plaintiff does not allege that he suffered a physical injury, and he does not allege that he was a victim of a sexual act as defined in 18 U.S.C. § 2246. Consequently, Plaintiff may not recover compensatory damages for any mental or emotional injuries.

Overall, as Plaintiff seeks only dismissal of his charges—which, as above, is not a

---

[6] "Under the *Younger* abstention doctrine, federal courts should generally decline to exercise jurisdiction when: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (internal quotation marks and quoted sources omitted).

cognizable request for relief here—and compensatory relief, the Court should dismiss his claims.[7]

**Recommendation**

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Greg Stevens' claims be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief may be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's request to dismiss his charges be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to pursue habeas corpus relief after he exhausts all available state court remedies.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation

---

[7] Even assuming Plaintiff sought cognizable relief, the undersigned would recommend dismissing Plaintiff's claims. Plaintiff claims that Officer Touchet "did not immediately inform [him] of [his] right to request a preliminary examination." Under LA. CODE CRIM. PRO. art. 296, a court determines, at a preliminary examination, whether "there is probable cause to charge" a defendant. Plaintiff alleges that he was arrested under a warrant. "[A] person arrested pursuant to a warrant issued by a magistrate on a showing of probable-cause is not constitutionally entitled to a separate judicial determination that there is probable cause to detain him pending trial." *Baker v. McCollan*, 443 U.S. 137, 143 (1979). Thus, Touchet did not cause a violation of Plaintiff's constitutional rights; rather, Plaintiff merely alleges that Touchet violated a state statute, which alone is not a cognizable claim "under § 1983 because § 1983 is only a remedy for violations of federal statutory and constitutional rights." *Woodard v. Andrus*, 419 F.3d 348, 353 (5th Cir. 2005).

Plaintiff alleges that "a bill of information was filed on July 20, 2017, before [he] was arrested on February 28, 2018" and that this amounted to a "procedural violation." [doc. # 10, p. 2]. Plaintiff, however, does not identify a person responsible. Plaintiff also claims that Dunn violated LA. CODE CRIM. PROC. art 217 when Dunn did not let him view the arrest warrant. However, an arrest is "proper even though the arresting officer did not have the actual written warrant in hand." *Gill v. United States*, 421 F.2d 1353, 1355 (5th Cir. 1970); *Bartlett v. United States*, 232 F.2d 135, 138 (5th Cir. 1956); *Bradley v. Extradition Corp. of Am.*, 758 F. Supp. 1153, 1156 (W.D. La. 1991) ("An arrestee need not be presented with a copy of the arrest warrant."). Plaintiff's allegations that Dunn violated LA. CODE CRIM. PROC. art 217, as well as LA. CODE CRIM. PROC. art 228, do not state plausible claims under Section 1983.

7

to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 29th day of August, 2019.

Karen L. Hayes
United States Magistrate Judge